## ARCHIBALD JONES *vs.* WALDO PIERCE & *al.*

Where the proprietor of land, overflowed by a dam owned by different persons, proceeded by separate complaints, and recovered a judgment for yearly damages against each owner of the dam for flowing different portions of the complainant's land, and where afterwards one of the respondents becomes sole owner of the dam; if the proprietor of the land seek an increase of his yearly damages, he may combine the whole subject matter in one complaint against the then owner of the whole dam.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

This was a complaint for flowing the land of *Jones* against *Pierce*, *Treat* and *Lord*, under the statute regulating mills, wherein he claims an increase of damages above what had been before allowed him. To maintain his complaint, *Jones* offered in evidence a judgment in his favor against *Pierce*, *Treat* and one *Mayo*, on a complaint in which he alleged, that they flowed a part of the land described in the present complaint. The yearly damages were estimated at nine dollars. He also offered in evidence, a judgment on another complaint by him against the present respondents, for flowing the remainder of the land described in the present complaint, in which the annual damages were assessed at five dollars. The title which *Mayo* had at the time of the filing of the complaint, wherein he was a party, was in the respondents at the time of filing this complaint. The respondents objected to the admission of the records of those judgments upon the ground, that the parties were not the same, *Mayo*, one of the mill owners, at the time of filing the first complaint, not being a party in the second, nor in the present complaint; and that two reports and judgments upon the same could not be united so as to constitute a foundation for the present petition for increase of damages. The Judge overruled the objection, and permitted the evidence to be introduced, and it went to the jury, and a verdict was returned for the complainant. The respondents filed exceptions.

*W. Kelley*, for the respondents, argued in support of the grounds taken at the Common Pleas; and also urged, that by joining the two processes it might happen, that in one the damages would be reduced, and in the other increased, and in that way the respond-

ents be compelled to pay costs, when they should receive them. He cited *Vandusen* v. *Comstock*, 9 *Mass. R.* 203; *Axtell* v. *Coombs*, 4 *Greenl.* 322.

*W. G. Crosby* argued for the complainant. A judgment pursuant to the statute, runs with the land, and binds not only parties to the record and privies, but the grantees or assignees of the land. *Commonwealth* v. *Ellis*, 11 *Mass. R.* 462. Had the complaint been filed against *Mayo*, he might have avoided it by pleading that he was not an owner of the dam. *Lowell* v. *Spring*, 6 *Mass. R.* 398.

The opinion of the Court was by

WESTON C. J. — The complainant, being the owner of the whole tract flowed, and the respondents the owners and occupants of the mill, it was most convenient and least expensive to all the parties concerned, to combine the whole subject matter in one complaint. There can be no reasonable objection to such a course of proceeding; and the object of the complaint, the land flowed and the liability of the respondents are stated with sufficient precision. *Mayo* having ceased to be an owner, and the respondents having succeeded to his title and occupancy, there would have been no propriety in naming him as a respondent.

If the respondents would have raised the point, whether there had been any adjudication, which justified a complaint embracing the whole land, or whether they were bound by it, they should have taken the objection in some other mode. No such question was properly submitted to the commissioners or to the jury. They were called upon to determine points of a different character.

*Exceptions overruled.*